UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIFKA RENEE ELIAS,

                    Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                    Defendants.

19-CV-11411 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101-131, alleging that her employer discriminated against her based on her religion. By order dated January 8, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York and New York City Health + Hospitals (H+H) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and H+H and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: January 15, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. New York City Health + Hospitals
   125 Worth Street
   New York, NY 10013