19-CV-11411 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIFKA RENEE ELIAS,

Plaintiff,

-against-

CITY OF NEW YORK, NYC HEALTH AND
HOSPITAL,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Monaliza Seepersaud*
*Tel:  (212) 356-0839*
*Matter No. 2020-007461*

Bruce Rosenbaum,
Monaliza Seepersaud,
   Of Counsel.

**Page**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ....................................................................................................................... 8

      POINT I ...................................................................................................................... 8

           PLAINTIFF'S TITLE VII CLAIMS ARE
           PARTIALLY TIME-BARRED ................................................................. 8

      POINT II .................................................................................................................... 9

           PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
           ALSO PARTIALLY TIME-BARRED. ..................................................... 9

      POINT III ................................................................................................................... 9

           PLAINTIFF'S FAILURE TO PROMOTE CLAIM
           FAILS. ....................................................................................................... 9

      POINT IV ................................................................................................................... 11

           THE CITY OF NEW YORK IS NOT A PROPER
           PARTY TO THIS ACTION. ...................................................................... 11

CONCLUSION .................................................................................................................... 12

Page(s)

## TABLE OF AUTHORITIES

**Cases**

Bermudez v. City of New York,
    783 F. Supp. 2d 560 (S.D.N.Y. Mar. 25, 2011) ........................................................ 10

Brennan v. City of New York,
    59 N.Y.2d 791 (1983) ................................................................................................ 11

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ....................................................................................... 3

Glaser v. Fulton-Montgomery Cmty. Coll.,
    50 F. App'x 17 (2d Cir. 2002) .................................................................................... 8

Littlejohn v. City of N.Y.,
    795 F.3d 297 (2d Cir. 2015) ..................................................................................... 10

McBride v. N.Y. City Human Res. Admin.,
    2007 U.S. Dist. LEXIS 73979 (E.D.N.Y. Sept. 25, 2007) ........................................ 8

McGuinness v. Lincoln Hall,
    262 F.3d 49 (2d Cir. 2001) ....................................................................................... 10

Morrison v. New York City Police Dep't,
    214 A.D.2d 394 (lst Dep't 1995) ................................................................................ 9

Newsome v. IDB Capital Corp.,
    2016 U.S. Dist. LEXIS 40754 (S.D.N.Y. Mar. 28, 2016) ....................................... 10

Petty v. City of N.Y.,
    633 F. App'x 52 (2d Cir. 2016) ................................................................................. 9

Potash v. Fla. Union Free Sch. Dist.,
    972 F. Supp. 2d 557 (S.D.N.Y. Sept. 17, 2013) ................................................. 10, 11

Samuel v. Bellevue Hosp. Ctr.,
    366 F. App'x 206 (2d Cir. 2010) .............................................................................. 11

Shumway v. UPS,
    118 F.3d 60 (2d Cir. 1997) ....................................................................................... 10

St. Juste v. Metro Plus Health Plan,
    8 F. Supp. 3d 287 (E.D.N.Y. Mar. 28, 2014) .......................................................... 12

**Page**

<u>Vega v. Hempstead Union Free Sch. Dist.</u>,
 801 F.3d 72 (2d Cir. 2015) ...................................................................................9

**Statutes**

42 U.S.C. §§ 2000e *et seq.* .........................................................................................1

N.Y.C. Admin. Code §§ 8-101, *et seq.* ......................................................................1

N.Y. Exec. L. §§ 290, *et seq.* ....................................................................................1

N.Y.C. Admin. Code § 8-502(d) ................................................................................9

New York Unconsolidated Laws § 7385 ...................................................................11

New York Unconsolidated Laws § 7390 ...................................................................11

**Other Authorities**

CPLR § 214(2) ............................................................................................................9

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

RIFKA RENEE ELIAS,

                                            Plaintiff,

               -against-                         19-CV-11411 (JMF)

CITY OF NEW YORK, NYC HEALTH AND HOSPITAL,

                                      Defendants.
-------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

      Plaintiff, Rifka Renee Elias, is a self-identified observant Orthodox Jewish woman, currently employed by the New York City Health + Hospitals ("H+H") as a Clerical Associate 2.  See Complaint, ECF Dkt. No. 2, at Exhibit 2, pp. 1, 6.  Plaintiff alleges that her employer, H+H, failed to promote her, that she was subject to different terms and conditions of employment due to her religious beliefs, that she was retaliated against for requesting reasonable accommodations, and was continually harassed and subjected to a hostile work environment on the basis of her religion by co-workers and supervisors, in violation of 42 U.S.C. §§ 2000e *et seq.,* ("Title VII"), the New York State Human Rights Law, NY Executive Law §§ 290, *et seq.* ("SHRL"), and the New York City Human Rights Law, NY City Administrative Code §§ 8-101, *et seq.* ("CHRL").

      As set forth more fully below, Plaintiff's claims should be partially dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint is partially time-barred, fails to state a failure to promote claim, and the City of New York is not a

proper party to this action.  First, Plaintiff filed her EEOC charge of discrimination on July 18, 2018[1].  Thus, under Title VII, any alleged discriminatory acts pre-dating September 21, 2017, are time-barred.  Likewise, plaintiff's SHRL and CHRL claims accruing before December, 12, 2016 (three years prior to the commencement of this case), are barred against Defendants pursuant to the three-year statute of limitations.  Thus, a majority of her claims under both the SHRL and CHRL must be dismissed as time-barred.

Additionally, Plaintiff fails to state a claim for failure to promote under Title VII, the SHRL, and CHRL.  She has failed to allege that there was any position she applied for and was denied, and moreover fails to plead any facts relating to her credentials to support her claim.  Nor does Plaintiff identify a comparator who is similarly situated in all material respects.  Thus, her allegations are insufficient to establish a failure to promote claim.  Finally, the City of New York is not a proper party to this action, and therefore, all claims against the City must be dismissed.

Accordingly, Defendants ask that their partial motion to dismiss be granted.

---

[1] The Complaint states that Plaintiff filed her charge in 2018, and does not specify an exact date. Moreover, Plaintiff has not attached her EEOC charge of discrimination to the Complaint. Defendants have, therefore, annexed, as Exhibit "A," a copy of the Notice of Charge of Discrimination, dated, July 20, 2018, and the Charge of Discrimination, dated, July 18, 2018.

**STATEMENT OF FACTS**[2]

**A.    2011 Through 2014**

Plaintiff is currently employed by H+H as a Clerical Associate 2.  See Complaint, ECF Dkt. No. 2, at Exhibit 2, pp. 1, 6.  Plaintiff was appointed as a Clerical Associate 2 in 2011 after having passed a civil service exam.  Id., at pp. 1.  In September of that year, Plaintiff made her first request to observe her religious holidays.  Id.  Her director at the time, Claudette Watson, allegedly refused to allow Plaintiff to leave early on Fridays or take days off from work to observe Jewish Holidays.  Id.  As a result, Plaintiff complained on multiple occasions to H+H's EEO office, but to no avail.  Id., at pp. 2.  Thus, she further sought assistance form Assemblyman Dov Hikind. Id.

While Plaintiff was seeking assistance from H+H's EEO office and Assemblyman Hikind, she allegedly faced harassment from Director Watson and coworkers due to her religious observance.  Id.  Plaintiff contends that the harassment had an impact on Plaintiff's health, which ultimately, led her to take a leave of absence from February 2012 until some unspecified time in 2014. Id.

---

[2] For the purposes of this motion only, this statement of facts is based upon the allegations set forth in a January 30, 2019 letter submitted by Plaintiff's former attorney to the EEOC.  The letter was submitted in rebuttal to H+H's position statement in response to Plaintiff's EEOC charge.  The January 30, 2019 letter is annexed as Exhibit 2 to the Complaint and is characterized as a "statement of facts."  See ECF Dkt. No. 2, Complaint, at ¶ IVB and p. 12.  Defendants note that, notwithstanding the allegations set forth in the January 30, 2019 rebuttal letter, the EEOC stated in its Dismissal and Notice of Rights issued to Plaintiff that "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."  See Exhibit 2 annexed to the Complaint, ECF Dkt. No. 2, at p. 10.  In addition, Defendants rely upon Plaintiff's EEOC charge, annexed as Exhibit A to the Declaration of Monaliza Seepersaud dated July 20, 2020.  The Court may consider not only the complaint itself, but also any written instrument attached to the complaint as an exhibit, any statements or documents incorporated by reference in the complaint, and documents that are "integral" to the complaint even if they are not incorporated by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

**B.      Mid-2014 through November 2017**

Plaintiff returned to Coney Island Hospital from her leave of absence in mid 2014.

Id.  Upon her return, she no longer reported to Director Watson, and instead, reported to Program

Director Lilya Berns.  Id.  In September 2014, Director Berns issued Plaintiff a satisfactory work

performance evaluation.  Id.  On October 14, 2014, Plaintiff requested leave for observance of

Jewish Holiday, Sukkot, and also requested to leave early on Fridays to observe Shabbat.  Id.  To

accommodate Plaintiff's request, Plaintiff was permitted to take a half-hour lunch and use her

remaining time as "comp-time" so that  she would be able to leave work at 2:00 PM on Fridays.

Id.  Plaintiff alleges that following her request for a religious accommodation, she was subjected

to a hostile work environment from Director Berns and co-workers.  Id.

Plaintiff then asserts that the hostile behavior in her office intensified in March

2015 when she requested to take leave from April 3, 2015 to April 10, 2015 to observe Passover.

Id.  Plaintiff contends that Director Berns insisted that Plaintiff come to work on April 3, 2015

because another employee, Bridget Clarke, was taking the day off from work on that day.  Id.

Thus, Plaintiff contacted her union to assist her with her request for time off to observe Passover.

Id.  Her union, however, was unhelpful, and therefore, Plaintiff sought intervention from

Assemblyman Hikind and a Hospital Administrator Michael Tenenbaum.  Id.  Plaintiff's time-off

was approved by Tenenbaum on March 25, 2015.  Id.  Thereafter, on April 2, 2015, Plaintiff

claims she was issued an unsatisfactory annual evaluation by Director Berns.  Id.

Following Plaintiff's return from her holiday leave to observe Passover, she

alleges that she found her personal belongings "soiled."  Id., at pp. 3.  Additionally, she alleges

that when she returned from her 2015 Passover holiday leave, ACT Program Directors, direct

supervisor, Bridget Clarke, and co-workers were rude to her when they would not greet her, and

when they interfered with Plaintiff leaving early on Fridays.  Id.  Moreover, Plaintiff alleges that

her work was overly scrutinized.    Plaintiff, moreover, alleges that during the 2015-2016 year, Director Berns, co-worker and union representative, Rhonda Brumfield, and another un-named co-worker made unspecified comments to Plaintiff regarding her need for religious accommodations to observe Jewish Holidays.  Id.

On or about April 27, 2015, Plaintiff's then attorney Jesse C. Rose, Esq., wrote a letter to Andrew Campbell of Human Resources at the Coney Island Hospital, which outlined Plaintiff's claims of religious discrimination and specifically mentioned the April 2, 2015 unsatisfactory evaluation.  Id.  As a result of this letter, Plaintiff alleges the hostile behavior and scrutiny from her supervisors intensified.  Id.

On May 15, 2015, Plaintiff requested to leave early from work to observe the religious holiday, Shavout.  Id., at pp. 4.  Plaintiff asserts that Director Berns initially denied Plaintiff's request, citing to the timing of Plaintiff's request as the reason for her denial.  Id. Plaintiff then "filed multiple complaints" and asked her "union to intervene," and ultimately she was granted the time off.  Id.  Plaintiff alleges that her supervisors and co-workers continued to subject her to unspecified harassment during the 2015 year.  Id.

On April 7, 2016, Plaintiff made a request to take time off from work from April 28, 2016 to May 2, 2016, to observe the holiday, Passover.  Id.  The complaint is not clear as to whether Plaintiff's request was granted.  Id.  However, Plaintiff alleges that on the following day, April 8, 2016, Director Berns issued Plaintiff a "green slip warning."  Id.  Several months later, on October 14, 2016, Director Berns issued Plaintiff an annual evaluation rating—which Plaintiff rebutted—of "Below Standard."  Id.  Plaintiff alleged that, on October 15, 2016, she was scheduled to take the day off in observance of a Jewish Holiday, and thus, the negative evaluation interfered with her enjoyment of said holiday.  Id.

Plaintiff further alleges that, on or about November 17, 2016, she filed a complaint with the EEOC alleging religious discrimination, retaliation, and hostile work environment. Id., at pp. 5.  Thereafter, Plaintiff's December 7, 2016 request to leave work early on December 23, 2016 and December 30, 2016 to observe Sabbath Chanukah, was denied.  Id. After her request was denied, Plaintiff sought the intervention of other individuals, including, Associate Executive Director, Dr. John Jannes, Supervisor Bridget Clarke, Joan Neal, Audrey Russell from Human Resources, and Blanche Greenfield, Chief Employment Counsel at H+H. Id.  Plaintiff's leave request was nevertheless denied.  Id.

On February 2, 2017, a Right to Sue letter was allegedly issued and sent to H+H Employment Counsel Greenfield, in connection with Plaintiff's November 17, 2016 EEOC Complaint.  Id.  Thereafter, on March 24, 2017, Associate Executive Director Jannes scheduled a finance meeting.  Id.  Plaintiff explained that she could not be present at the meeting because she would need the day off to observe a religious holiday.  Id.  Nevertheless, the meeting was held and Plaintiff attended the meeting and was given praises for her billing work.  Id.

In April 2017, Plaintiff again went on leave in observance of the religious holiday, Passover.  Id.  Upon her return to work, Plaintiff was served with disciplinary charges, which included charges accusing Plaintiff of not attending the March 24, 2017 Finance meeting. Id.  Plaintiff contends that the disciplinary charges are still pending.  Id., at pp. 6.  Thereafter, on July 10, 2017, Plaintiff's supervisor, Bridget Clark, who was promoted to the position of Assistant Coordinating Manager for the ACT program, directed Plaintiff to manage all aspects of the ACT 1 and 2 department while Clark was on vacation.  During such time-period, ACT 1 unspecified co-workers made remarks toward Plaintiff regarding Plaintiff's Jewish name, Rifka. Id.

Furthermore, Plaintiff contends that on September 20, 2017, Audrey Russell, from Human Resources, scheduled a grievance meeting at 1:00 PM on a day that Plaintiff was scheduled to leave early, and that Russell "should have been well aware" that Plaintiff needed to leave early.  Id.  Approximately one month later, on October 16, 2017, after Plaintiff returned to work from her leave of absence to observe religious holidays, Director Mihaila Emilian informed Plaintiff that she would receive a negative performance evaluation.  Id.  Although Plaintiff received a satisfactory in one category, she received an overall unsatisfactory rating.  Id. Additionally, Plaintiff alleges that upon her return on October 16, 2017, she was harassed by unspecified co-workers when they made disparaging remarks to her regarding her religion, took the bathroom key from her desk drawer and refused to return it, and was told by Clark to use the bathroom on a different floor of the building.  Id., at pp. 7.

On October 26, 2017, an environmental inspector came into Plaintiff's office to investigate an odor in Plaintiff's office.  Id.  Plaintiff alleges that the inspector concluded that the air in Plaintiff's office was hazardous.  Id.  Prior to the inspector coming into her office, Plaintiff made a request to change offices (on some unspecified date), but her request was denied.  Id.  As a result of the hazardous air, Plaintiff contends that she suffered from headaches, nausea, and dizziness.  Id.  Clarke, Plaintiff's also shared an office space with Plaintiff at some point, but allegedly requested that her office be moved, and her request was granted.  Id.

Finally, on November 9, 2017, Plaintiff went on a medical leave of absence and alleges that, as of January 30, 2019[3], she was unable to return to work. Id. at 5, 7.  Thereafter, Plaintiff filed a charge of discrimination with the EEOC on July 18, 2019 under charge number 846-2018-08137.  See Exhibit "A," annexed to the Seepersaud Declaration.  The EEOC then

---

[3] As noted supra at n.2, the facts are based on the allegation set forth in Plaintiff's former attorney's January 30, 20019 rebuttal letter to the EEOC.

issued Plaintiff a Right to Sue letter dated September 24, 2019.  See Complaint, Exhibit "1."

Plaintiff then commenced this action on December 12, 2019.

## ARGUMENT

### POINT I

### PLAINTIFF'S TITLE VII CLAIMS ARE PARTIALLY TIME-BARRED.

Claims brought in New York pursuant to Title VII require that the plaintiff file

her charge of discrimination within 300 days of the alleged discriminatory act.  See Glaser v.

Fulton-Montgomery Cmty. Coll., 50 F. App'x 17, 19 (2d Cir. 2002).  Plaintiff filed her EEOC

charge on July 18, 2018.  See Exhibit "A."  As such, any discrete acts of alleged disparate

treatment or retaliation occurring before September 21, 2017, are time-barred.

Thus, the only discrete acts of alleged discrimination or retaliation which are

timely are those discrete acts occurring between September 21, 2017 and November 9, 2017, the

date in which Plaintiff went on medical leave.  Accordingly, to the extent that Plaintiff claims

Defendants interfered with her ability to take days off or leave early to observe religious

holidays, issued her a negative evaluation report on April 2, 2015, and served her with false

disciplinary charges on April 27, 2017, and denied her a promotion on or about July 10, 2017,

such claims are barred by the 300-day statute of limitations as those alleged acts occurred prior

to September 21, 2017.

Additionally, Plaintiff alleges that she filed an EEOC charge on or about

November 17, 2016.  See  Complaint, Exhibit "2," at 5.  She does not, however, attach a copy of

a Right to Sue letter from the EEOC, nor does she allege when she received the Right to Sue

letter; thus, any claims from the purported 2017 charge must be dismissed.  See McBride v. N.Y.

City Human Res. Admin., No. 07-CV-2624 (NG), 2007 U.S. Dist. LEXIS 73979, at *3 (E.D.N.Y. Sept. 25, 2007).

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE ALSO PARTIALLY TIME-BARRED.

Plaintiff's SHRL and CHRL claims accruing before December 12, 2016 (three years prior to the commencement of this case), are barred against Defendants pursuant to the three-year statute of limitations.  See Morrison v. New York City Police Dep't, 214 A.D.2d 394 (lst Dep't 1995) (SHRL); CPLR § 214(2); NYC Administrative Code § 8-502(d) (CHRL);  Petty v. City of N.Y., 633 F. App'x 52, 53 (2d Cir. 2016).

Therefore, Plaintiff's disparate treatment and retaliation claims brought pursuant to the SHRL and CHRL, including but not limited to Defendants' alleged attempts to interfere with or to deny reasonable accommodations for Plaintiff's observance of religious holidays between 2011 and December 12, 2016, and her April 2, 2015 and October 14, 2016 negative evaluation reports, are time-barred by the three-year statute of limitations.

## POINT III

### PLAINTIFF'S FAILURE TO PROMOTE CLAIM FAILS.

Plaintiff appears to complain that H+H has not upgraded her title although a supervisor, who is not Jewish, has received such upgrades.  See Complaint, at Exhibit 2, pp. 6–7. However, she does not plausibly plead any facts to support a discriminatory denial of promotion claim.  In order to satisfy plaintiff's burden at the pleadings stage, a plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).   Although plaintiff may raise an inference of

discrimination by alleging that she was treated less favorably than a similarly situated employee, such allegations must demonstrate that the other employee was "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'"  Newsome v. IDB Capital Corp., No. 13 Civ. 6576 (VEC), 2016 WL 1254393, 2016 U.S. Dist. LEXIS 40754, at *45-46 (S.D.N.Y. Mar. 28, 2016) (citing McGuinness v. Lincoln Hall, 262 F.3d 49, 54 (2d Cir. 2001)).

Although a Plaintiff's burden at the pleading stage to allege an inference of discrimination is not onerous, see Littlejohn v. City of N.Y., 795 F.3d 297, 313 (2d Cir. 2015), Plaintiff's allegations must still plausibly allege a minimal inference of discriminatory intent. Plaintiff's allegations fail to do that.  Plaintiff's complaint relies upon, at best, the "false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)."  Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. Mar. 25, 2011).

Moreover, "When a plaintiff seeks to meet her *prima face* case by reference to the disparate treatment of an allegedly similarly situated employee, 'the plaintiff must show that she shared sufficient employment characteristics with that comparator so that they could be considered similarly situated.'"  Potash v. Fla. Union Free Sch. Dist., 972 F. Supp. 2d 557, 579 (S.D.N.Y. Sept. 17, 2013) (quoting McGuinness, 263 F.3d at 53).  "To be 'similarly situated,' the individuals with whom [the plaintiffs] attempt[] to compare [themselves] must be similarly situated in all material respects."  Shumway v. UPS, 118 F.3d 60, 64 (2d Cir. 1997). "Employment characteristics which can support a finding that two employees are 'similarly situated' include 'similarities in education, seniority, performance, and specific work duties,' . . .

and similar requirements for skill, effort and responsibility for jobs performed 'under similar working conditions.'" <u>Potash</u>, 972 F. Supp. 2d at 580 (citations omitted).

Here, Plaintiff's alleged comparator is not "similarly situated" in any respect. Unlike Plaintiff, Ms. Clark was a supervisor and Assistant Coordinating Manager for the ACT Program, as opposed to Plaintiff who was a Clerical Associate in the ACT 1 unit supervised by Ms. Clarke.  <u>See</u> Complaint, at Exhibit 2, pp. 2, 6–7.  Plaintiff alleges that "[a]lthough Ms. Clark's title has been upgraded several times, to date, Ms. Elias' job title has not been upgraded to reflect her Medicaid Billing responsibilities.  A grievance regarding this issue has been filed and is pending." <u>Id.</u> at 7.  Thus, Plaintiff's complaint has nothing to do with a comparator who is similarly situated in all material respects but rather the alleged failure by the hospital to pay Plaintiff commensurate with her "Medicaid Billing responsibilities" a function not alleged to be performed by Ms. Clark.  Accordingly, the failure to promote claim must be dismissed.

**POINT IV**

**THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION.**

Plaintiff has named the City of New York as a defendant in the instant action. However, the City of New York and New York City Health + Hospitals ("H+H") (sued herein as "New York City Health and Hospitals) are separate legal entities.  <u>See</u> <u>Brennan v. City of New York</u>, 59 N.Y.2d 791, 792 (1983).  The enabling legislation that created H+H provides that all H+H employees are employees of H+H, not the City of New York.  <u>See</u> New York Unconsolidated Laws § 7390.  H+H has the independent power and authority to promulgate rules for its employees as well as to hire and fire its employees.  <u>See</u> New York Unconsolidated Laws § 7385.  Because the City of New York is not Plaintiff's employer, the City of New York cannot be held liable in this action.  <u>See</u> <u>Samuel v. Bellevue Hosp. Ctr.</u>, 366 F. App'x 206, 206 n.** (2d

Cir. 2010); <u>St. Juste v. Metro Plus Health Plan</u>, 8 F. Supp. 3d 287, 301 (E.D.N.Y. Mar. 28, 2014) ("It is well-established that for the purposes of Title VII litigation, HHC and the City of New York are considered two distinct entities.").  Accordingly, Plaintiff's claims against the City of New York must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' partial motion to dismiss the complaint, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           July 20, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-109a
New York, New York 10007
(212) 356-0839
mseepers@law.nyc.gov

By:    */s/ Monaliza Seepersaud*
       Monaliza Seepersaud
       Assistant Corporation Counsel

Bruce Rosenbaum,
Monaliza Seepersaud,
  Of Counsel.