**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

RIFKA RENEE ELIAS                                    Case No.: 19-CV-11411 (JMF)

                              Plaintiff,

                                                     **Memorandum in Opposition**
            -against-                                **to Defendants'**
                                                     **Motion to Dismiss**

CITY OF NEW YORK, *et al.*,

                              Defendants.
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff, Rifka Renee Elias, ("Elias" or "Plaintiff") by and through her attorney, The Rose Law Group, PLLC, respectfully submits this Memorandum of Law in Partial Opposition to Defendants', City of New York ("NYC") and NYC Health and Hospitals Corporations ("NYCH+HC") (together "Defendants"), Motion to Dismiss Plaintiff's claims for (1) failure to promote, (2) as against Defendant NYC, and (3) to exclude claims prior to what they have determined is the cutoff under the applicable statutes of limitations.

Plaintiff opposes Defendants' motion to the extent it seeks to limit Plaintiff's claims for hostile work environment as there was a continuing violation which continued throughout her employment. The existence of a continuing violation extends the statute of limitations to include all harassment alleged provided any single aspect is included within the statute of limitations. That is the case here and the Court should permit Plaintiff to proceed in prosecuting all claims which are part of that continuing violation. Plaintiff does not oppose the dismissal of the claim for failure to promote and does not oppose Defendant NYC's dismissal.

## STATEMENT OF MATERIAL FACTS

Plaintiff was hired by Defendant NYCH+HC in or around 2011 as a Clerical Associate 2. Complaint, p. 13 of 21. The harassment began in September of that year, immediately after Ms. Elias, an observant Jewish woman, requested time off to observe her religious holidays as a religious accommodation. Ms. Watson, then Ms. Elias's director, responded by saying "Your name is Jewish but I did not think that you were observant; I would have never hired you." Adding "I will get you Fired! If you cannot work 9 to 5 five days a week you should have not accepted the job." Id.

The Complaint, which consists of Ms. Elias's rebuttal to the Defendants' position statement in the EEOC process, then goes on to describe consistent and constant harassment up until the filing of the present action in the EEOC. She alleges that she was harassed by Ms. Watson and coworkers until she took a leave of absence from February of 2012 until 2014. Id. at 14 of 21. When she returned from her leave, she was harassed by her new Program Director, Lilya Berns, immediately after Ms. Berns found out that Ms. Elias would be requesting religious accommodation. Specifically, Ms. Berns would limit Ms. Elias's ability to eat lunch at her desk (while all other employees were able to do so), use the microwave and refrigerator, and prevented Ms. Elias from signing out to take her lunch. Id. In March of 2015, the harassment escalated when Ms. Elias was issued an unjustified and false evaluation on the day her Passover accommodation was to begin. Id. at 14-15 of 21. Ms. Elias was denied additional time to respond to Defendants' evaluation. Id.

When Ms. Elias returned to work, her keyboard was soiled and her chair and desk had chewing gum on it. Id. at 15 of 21. After this, from April of 2015 until the filing of this action, Ms. Elias alleges that "almost on a daily basis, the ACT Program Directors would insult, ignore and

otherwise be rude to Ms. Elias, in contrast to how they treated the non-Jewish employees they supervised." Id. They further overly scrutinized her work and blamed her for others' mistakes. Id. Ms. Elias further alleges that they would make harassing comments like "How[] many more holidays?" and "So many days off, how observant do you need to be?". Id. She was labeled an "extremist" and told that "No one wants to hire Jewish people because of their observance." Id.

Ms. Elias was issued unwarranted warnings in 2016 and given another false evaluation the day before she left for a religious holiday. Id. at 16 of 21. In 2016, Defendants' Human Resources employee, Audrey Russell, told Ms. Elias she had to "change [her] religion plan." Id. at 17 of 21. In April of 2017, Defendants made false accusations that Ms. Elias engaged in improper activity. Id. In and around this time, Ms. Elias's coworkers mocked her Jewish name openly in the workplace. Id. at 18 of 21. She was again given a false evaluation in October of 2017. Id.

In October of 2017, Ms. Elias had her bathroom key taken while coworkers laughed at her when she requested the key. Id. at 19 of 21. She was told to use a different bathroom on another floor and to "control [her]self" in response to a request for the key. Id. In direct relation to her religion, her coworkers told her that she "lead[s] a controlled religious life, hold yourself back from going to the bathroom." Id. The Complaint states that these are examples of "ongoing abusive behavior to which Ms. Elias was subjected." Id. Ultimately, Ms. Elias sought treatment from a psychologist and took medical leave for the harassment in November of 2017. Id. The EEOC charge, as Defendants admit, was filed on July 18, 2018. Declaration of Monaliza Seepersaud, ¶2.

## LEGAL ARGUMENT

### I.    Standard on Motion to Dismiss

The Federal Rules of Civil Procedure ("FRCP") 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  The standard of review on

a motion to dismiss is heavily weighted in favor of the Plaintiff. Diaz v. NBC Universal, Inc., 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008).  In reviewing a motion to dismiss pursuant to FRCP 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See* Cleveland v. Caplaw Enters., 448 F. 3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). "A complaint need not contain detailed factual allegations, but it must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Semper v. New York Methodist Hosp., 2011 WL 1240551, 3 (E.D.N.Y. 2011) (internal citations and quotation marks omitted).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the Complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  Moreover, this standard does not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Twombly, 550 U.S. at 556-57).  When allegations are made upon information and belief they satisfy the pleading requirements "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted). Here, the Complaint is plausible and is further amplified by the attached Amended Complaint which satisfy the pleading requirements of Rule 12(b)(6). Should the Court

require additional allegations to clarify Plaintiff's claims, we request that leave be granted to file a Second Amended Complaint.

## II.     Plaintiff properly pleads a claim for a hostile work environment as a continuing violation

Because Plaintiff's claim for a hostile work environment was continuous and stemmed from the start of her employment, the statute of limitations is extended to include all allegations relating to that hostile work environment. "[I]f a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone. The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists or discriminatory employment tests. Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993) (internal citations omitted). "[A] hostile work environment is a continuing violation." Krachenfels v. N. Shore Long Island Jewish Health Sys., 2014 U.S. Dist. LEXIS 103474, at *31 (E.D.N.Y. July 29, 2014) (citing AMTRAK v. Morgan, 536 U.S. 101, 115-16, 122 S. Ct. 2061, 2074 (2002)).

As described herein, Plaintiff sufficiently alleges a hostile work environment which began upon her initial employment and continued up until the filing of this action. She was mocked on a near daily basis, with specific examples alleged with particularity. Her allegations, filed as a *pro se* Plaintiff, allege that there was pervasive harassment in the workplace sufficient to establish a hostile work environment under the law which began in 2011. For this reason, Defendants' motion must be denied to the extent it seeks to dismiss any portion of Plaintiff's hostile work environment claim.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that Defendant's Motion for Dismissal of Plaintiff's claims be denied to the extent it seeks to deny any portion of her hostile work environment claims due to expiration of the statute of limitations. Plaintiff consents to the dismissal of the Defendant City of New York and to the dismissal of any claims for failure to promote.

Dated: Astoria, New York
        August 31, 2020

**THE ROSE LAW GROUP, PLLC**

_____/s/ Jesse C. Rose_____
Jesse C. Rose (JR-2409)
*Attorney for Plaintiff*
3109 Newtown Ave; Suite 309
Astoria, New York 11102
Ph: 718-989-1864
JRose@theroselawgroup.com