UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
RIFKA RENEE ELIAS,                                                   :
:
                           Plaintiff,                             :
:     19-CV-11411 (JMF)
         -v-                                                        :
:     MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                             :     AND ORDER
:
:
                           Defendants.                            :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Rifka Renee Elias, then proceeding without counsel, filed a Complaint alleging various employment discrimination claims against her employer, the New York City Health + Hospitals ("H+H"), and the City of New York. ECF No. 2. Defendants moved to dismiss the Complaint. ECF Nos. 17-20. In her opposition, filed by counsel, Elias consented to dismissal of her claims against the City of New York and her claim for failure to promote. ECF No. 25 ("Pl.'s Mem."), at 1. She did not oppose, or even address, Defendants' motion to dismiss any claims based on the charge she filed with the Equal Employment Opportunity Commission on or around November 17, 2016. *See* ECF No. 19 ("Defs.' Mem."), at 8-9. Accordingly, all of the foregoing claims are dismissed, either on consent or as abandoned. *See, e.g.*, *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 392 (S.D.N.Y. 2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)); *cf. Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that

relevant claims or defenses that are not defended have been abandoned.").

That leaves only Elias's hostile work environment ("HWE") claims. Conspicuously, Defendants do not move to dismiss on the ground that she fails to state HWE claims as a substantive matter. Instead, Defendants move to dismiss her HWE claims solely on timeliness grounds. *See* Defs.' Mem. 8-9; ECF No. 26, at 2-5. Whether Defendants move to dismiss the claims in their entirety or only in part (in the case of her Title VII HWE claim, to the extent that it is based on acts that occurred before September 21, 2017, and in the case of her state-law HWE claims, to the extent that they are based on acts that occurred before December 12, 2016) is not entirely clear. Either way, however, the motion is denied, as Elias alleges that some of the conduct underlying her HWE claims occurred within the relevant limitations periods and whether she can invoke the continuing violation doctrine is not a question that the Court can resolve at this stage of the litigation, when the facts alleged in the Complaint must be taken as true and all reasonable inferences drawn in Elias's favor. *See, e.g.*, *Nader v. Brunalli Constr. Co.*, No. 98-CV-2085 (CFD), 2002 WL 724597, at *9 (D. Conn. Mar. 26, 2002) (Droney, J.) (denying *summary judgment* on the ground that whether the continuing violation doctrine applied to a Title VII discrimination claim was a question for the jury where "the relatedness" of incidents before and during the limitations period turned on "disputed facts"); *Alonzo v. Chase Manhattan Bank, N.A.*, 70 F. Supp. 2d 395, 397 (S.D.N.Y. 1999) (denying *summary judgment* and noting that, "[w]hile a jury well might resolve the question in [the defendant's] favor, the Court is unwilling at this stage to conclude that no reasonable trier could find the elements of the continuing violations doctrine satisfied with respect to plaintiff's hostile work environment claim"). Thus, Defendants' motion to dismiss Elias's HWE claims must be and is denied.

Defendant H + H shall file its answer to Elias's remaining claims **within three weeks of**

**the date of this Memorandum Opinion and Order**.  It is further ORDERED that, unless and until the Court orders otherwise, all parties appear for an initial pretrial conference with the Court on **March 9, 2021**, at **4 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.  (Depending on COVID-19 conditions, the conference may be held remotely.  The Court will address that question when the conference is closer.)  All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at http://nysd.uscourts.gov/ecf_filing.php.  **All counsel must also familiarize themselves with the Court's Individual Rules, which are available at http://nysd.uscourts.gov/judge/Furman.**  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference.  Additionally, in accordance with Paragraph 2.B of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at http://nysd.uscourts.gov/judge/Furman.  Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1)   A brief statement of the nature of the action and the principal defenses thereto;

3

(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension

or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

    The Clerk of Court is directed to terminate ECF No. 17 and to terminate the City of New York as a party.

    SO ORDERED.

Dated: February 5, 2021
       New York, New York

JESSE M. FURMAN
United States District Judge