

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ANGELA M. WANSLOW<br>Labor & Employment Law Division<br>(212) 356-2441<br>awanslow@law.nyc.gov |

September 28, 2021

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

   Re: *Rifka Renee Elias v. NYC Health and Hospitals*
     Civil Action No.: 19-cv-11411 (JMF)

Dear Judge Furman:

   I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, assigned to represent Defendant New York City Health + Hospitals ("H+H") in the above-referenced matter. Pursuant to this Court's Individual Rules and Local Civil Rule 37.2, I write to respectfully request that the Court schedule a conference in order to resolve Plaintiff's failure to serve Pilot Discovery Protocols for Counseled Employment Cases pursuant to the Court's Second Amended Standing Administrative Order dated October 1, 2015, or responses to Defendant's First Combined Set of Interrogatories and Request for the Production of Documents, served pursuant to Fed. R. Civ. P. 33 and 34 on July 12, 2021. In addition, Defendant has noticed Plaintiff for deposition on Thursday, September 30, 2021, at 9:00 A.M., but has not received confirmation from Plaintiff or her counsel that she will attend. Thus far, efforts to meet and confer with Plaintiff's counsel via phone and email to resolve these discovery disputes have been unsuccessful.

   Plaintiff commenced this action on December 12, 2019, alleging that Defendant H+H created a hostile work environment on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("SHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. ("CHRL"). *See* ECF Dkt. No. 1. By order dated February 5, 2021, the Court granted Defendants' partial motion to dismiss, dismissing all of the claims alleged in Plaintiff's Complaint except her hostile work environment claim brought under Title VII, the SHRL and the CHRL. *See* ECF Dkt. No. 27, at 2. Defendant filed a Verified Answer to the Complaint on May 12, 2021. ECF Dkt. No. 35.

   On May 20, 2021, the Court referred this matter to mediation and entered a Civil Case Management Plan and Scheduling Order making initial requests for the production of

documents and interrogatories pursuant to Rule 33.3(a) due on or before June 23, 2021. *See* ECF Dkt. No. 39. The deadline to complete all fact discovery, including the deposition of fact witnesses, was set for September 21, 2021. *See id.* A pretrial conference was scheduled for September 27, 2021, at 4:00 P.M. *See id.* On or around June 21, 2021, Plaintiff served initial disclosures pursuant to Fed. R. Civ. P. 26(a), as well as Plaintiff's First Set of Document Demands and Interrogatories. No documents were produced in conjunction with Plaintiff's 26(a) disclosures. On Plaintiff's consent, Defendant served Fed. R. Civ. P. 26(a) initial disclosures on June 30, 2021, and Defendant's First Combined Set of Interrogatories and Request for the Production of Documents on July 12, 2021. Defendant responded to Plaintiff's First Set of Document Demands and Interrogatories on August 13, 2021. To date, Defendant has produced approximately fifteen hundred (1,500 responsive) documents.

Thereafter, in anticipation of mediation scheduled for August 12, 2021, Defendant H+H served its responses to the Pilot Discovery Protocols for Counseled Employment Cases on June 30, 2021. Plaintiff did not serve Pilot Discovery Protocols prior to mediation or thereafter. Approximately one hour prior to mediation I was notified by Plaintiff's attorney-of-record Jesse C. Rose that attorney Arthur Schwartz would also be appearing at the mediation representing Plaintiff. The parties mediated the case for several hours but could not come to an agreement.

The next day Plaintiff's counsel, Arthur Schwartz, contacted me and asked if Defendant would continue with settlement conversations; Defendant agreed. The parties negotiated for two weeks, at which point Mr. Schwartz communicated to me that we had an agreement in principle. On August 26, 2021, I emailed a draft of the proposed settlement agreement to Mr. Schwartz and Plaintiff's attorney-of-record, Jesse C. Rose. At this point, Plaintiff began making multiple requests to change the material terms of the agreement. While Defendant tried to work in good faith and adopt any reasonable requests that were made, many of Plaintiff's request sought relief outside Defendant H+H's authority.

By Monday, September 20, 2021, it became clear to me that Plaintiff was not in agreement with the settlement terms. As such, I relayed to her counsel that Defendant would not be amenable to any further revisions of the proposed settlement agreement and that its offer would expire at 6:00 P.M. on Monday, September 20, 2021. Plaintiff's counsel requested an extension of the settlement offer until Thursday, September 23, 2021, at 6:00 P.M., due to Ms. Elias's religious holiday. I agreed. Plaintiff did not execute the settlement agreement and Defendant's offer lapsed.

In the interim, on September 20, 2021, Plaintiff's counsel filed a joint request for a sixty-day extension of time to complete discovery. On September 21, 2021, the Court denied this request but, as a courtesy to the parties, granted a three-week extension until October 12, 2021. *See* ECF Dkt. No. 43. Thereafter, on September 22, 2021, Defendant emailed Plaintiff's counsel and noticed Plaintiff's deposition for September 30, 2021, at 9:00 A.M. Defendant also demanded that Plaintiff serve all outstanding discovery due to Defendant by the end of the day on Friday, September 24, 2021, including the Pilot Discovery Protocols due before mediation on August 12, 2021, and complete responses to Defendant's document requests and interrogatories, originally served upon Plaintiff on July 12, 2021, so that Defendant could proceed with deposing Plaintiff. Plaintiff did not respond and did not produce any additional discovery. On September

27, 2021, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff.  *See* ECF Dkt. Nos. 44—46.

As of the date of this letter, Plaintiff has never served Defendants with Pilot Discovery Protocols and has failed to serve a response to Defendants' interrogatories and document demands dated July 12, 2021.  In addition, I have made many attempts to schedule Plaintiff's deposition since May 2021 and Plaintiff has repeatedly failed to confirm her availability for a deposition or has not appeared at depositions that Defendant has previously noticed.  For example, on May 19, 2021, I proposed five (5) possible dates for Plaintiff's deposition – all for weekdays before August 2, 2021.  Despite a follow-up email on June 18, 2021, Plaintiff did not respond confirming her availability.  On August 2, 2021, based on conversations with Plaintiff's counsel regarding her availability, Defendant noticed Plaintiff for a deposition on August 30, 2021.  Plaintiff did not appear.  Most recently, as explained *supra*, Defendant noticed Plaintiff for a deposition on September 30, 2021, at 9:00 A.M.  Plaintiff has not indicated whether she will attend.

Accordingly, and in light of the October 12, 2021 deadline for the completion of fact discovery, Defendants respectfully request that the Court schedule a conference in order to resolve Plaintiff's failure to engage in fact discovery in this matter.  Thank you for your consideration of this request.

                                                  Respectfully submitted,

                                                  */s/ Angela M. Wanslow*
                                                  Angela M. Wanslow
                                                  Assistant Corporation Counsel

cc:     Jesse C. Rose (via ECF)
          The Rose Law Group, PLLC
          Attorneys for Plaintiff
          3272 Steinway Street, Suite 503
          Astoria, NY 11103
          jrose@theroselawgroup.com